[No. 2,932.]

# THE PEOPLE OF THE STATE OF CALIFORNIA *v.* AH YING.

CONSTRUCTION OF STATUTE—LEGAL SESSION OF COURT.—Under the Act of March 1st, 1864, a District Judge may adjourn a general term of his Court in one county over an intervening term in another county. The term so adjourned is a continuation of the regular term.

IDEM.—The Act of April 20th, 1863, concerning Courts of justice and judicial officers, was intended to prevent the loss of a term; and it does not apply after the Judge has once appeared and commenced to hold Court.

PRESENT INSANITY—DUTY OF COURT.—No plea of present insanity is required. If, at any time during the proceedings in a criminal trial, a doubt arises as to the sanity of the defendant, it is the duty of the Court, of its own motion, to suspend further proceedings in the case until the question of sanity has been determined.

IDEM—RIGHT AND POWER OF COUNSEL.—Counsel for the defendant cannot waive an inquiry as to the question of the sanity of the defendant, nor can he compel the Court to enter upon such an inquiry, where no ground for such doubt exists.

APPEAL from the District Court of the Ninth Judicial District, County of Shasta.

The facts are stated in the opinion of the Court.

*E. Garter*, for Appellant.

The trial was irregularly continued, because it was continued to a day not in a term of the Court. For this reason the Court had no jurisdiction at the time of the trial; and the judgment is, therefore, void. (*Norwood* v. *Kenfield*, 34 Cal. 321; Constitution of Cal. Art. III, Sec. 12; Genl. Laws, Chap. 3, Secs. 23, 24.)

The action of the Court in allowing evidence as to the present sanity of the defendant to be given on the trial, and the submission of such evidence to the jury, was error for which the verdict should be set aside. (Crim. Practice Act, Sec. 583, et seq.; 1 Whart. Cr. Law, 42; *People* v. *Farrell*, 31 Cal. 576.)

*Attorney General Hamilton*, for Respondent.

The continuance was not error. (Stats. 1863–4, pp. 118, 133; *Thomas* v. *Forgerty*, 19 Cal. 644.) The plea of present insanity was withdrawn, and that question was not before the jury.

By the Court, TEMPLE, J.:

The defendant was indicted for murder, and the case was called for trial at the regular March Term of the District Court in and for Shasta County, when, neither party being ready for trial, the case was set for trial on the seventeenth day of April following, to which time the Court was adjourned, by an order upon its minutes.

The April Term of the Court in Trinity County, which is within the same district, intervened between the March Term in Shasta and the seventeenth day of April, to which

the Court was adjourned. It does not appear affirmatively whether the Court was actually in session in Trinity County on the seventeenth day of April or not. On that day the Judge did not appear to hold Court at Shasta, but the Clerk and Sheriff, under instructions from the Judge, adjourned the Court from day to day for one week, at the end of which time the Judge appeared and held Court, and the defendant was tried, against his objections, and a conviction had. It is claimed that the Court was not then legally in session, and the verdict and judgment, therefore, void.

The Act concerning the District Courts of this State, passed March 1st, 1864, authorizes the Court, by an order entered upon its minutes, to *adjourn* to a day certain, although a term for another county in the same district may intervene, provided such special term do not interfere with any general term in the district. This, I think, contemplates an adjournment of the general term over the intervening term in another county. It is not properly a special term, but a continuation of the regular term. Section seventy-three of the Act concerning Courts of justice of this State and judicial officers, passed April 20th, 1863 (Stats. 1863, p. 333), was intended, as has been held, to prevent the loss of a term, if the Judge did not appear on the day appointed to hold Court. After the Judge has once appeared and commenced to hold Court this section has no application. If it authorized the adjournment from day to day by the Sheriff, in the present case, it would authorize a similar proceeding at any time in the term when the Judge failed to appear and hold Court. I think the point well taken.

On the trial, at the request of the attorney for the defendant, and against the objections of the District Attorney, the Court allowed evidence to be given as to the present sanity of the defendant, and instructed the jury that if they were satisfied, from the evidence, that the defendant was (then)

insane, they would so find. There is no plea of present insanity required. If at any time a doubt arose as to the sanity of the defendant, it was the duty of the Court, of its own motion, to suspend the trial or further proceedings in the case, at whatever stage the doubt arose, until the question of sanity was determined. Common humanity requires that one should not be tried for his life while insane, and counsel for the defendant cannot waive such inquiry when the doubt exists; nor can he, by interposing such a plea, compel the Court to enter upon such inquiry where no ground for such doubt exists.

The fact that evidence upon the subject was allowed to go to the jury, and that they were instructed to find a verdict that the defendant was then insane if they were satisfied from the evidence that he was so, implies a doubt on the part of the Court as to his sanity. Under the provisions of the Criminal Practice Act the trial should have been suspended until that question was settled.

Judgment reversed and new trial ordered.


SPRAGUE, J., concurring specially:

I concur in the judgment of reversal, upon the ground last discussed by Mr. Justice TEMPLE.