[Civ. No. 184.   Third Appellate District.—December 3, 1906.]

## NAPA STATE HOSPITAL, by C. B. SEELEY, Treasurer, Appellant, v. COUNTY OF SOLANO, Respondent.

INSANE PERSONS—COMMITMENT OF INSANE CRIMINAL TO STATE HOSPITAL—LIABILITY OF COUNTY—COMMITMENT BEFORE ARRAIGNMENT—EXPENSE OF STATE.—It is only when an insane person charged with a felony is committed to a state hospital when or after the action is called for trial, under section 1368 of the Penal Code, that the county in which the indictment was found or information filed is chargeable with the expenses of his commitment, keeping and return, under section 1373 of the same code. Where the criminal was adjudged insane before arraignment, and committed to a state hospital, the state alone is chargeable with the expenses, and the county is not liable therefor.

ID.—REMEDY FOR INJUSTICE WITH LEGISLATURE.—If there is any injustice in the law, the remedy is not with the courts. To change the language of the law would be to legislate, which is the exclusive function of the legislature.

APPEAL from a judgment of the Superior Court of Solano County, and from an order denying a new trial.   L. G. Harrier, Judge.

The commitment to the Napa State Hospital referred to in the opinion was made in the case of *People* v. *John Welsh,* on the thirteenth day of February, 1885, then pending in the superior court of Solano county, by R. Crouch, of Napa county, judge presiding in that case. Further facts are stated in the opinion of the court.

John W. Stetson, Attorney for State Commission in Lunacy, for Appellant.

The time when the doubt as to the insanity arose is not essential in order that a prisoner be lawfully committed and the county made liable. It is directory merely. (Black on Interpretation of Laws, sec. 126; Sutherland on Statutory Construction, sec. 447.) The ordinary rule of estoppel would seem to apply. (*County of Sacramento* v. *Southern Pac. Co.,* 127 Cal. 217, 59 Pac. 568, 825.) The commitment is silent

as to the time when the doubt arose and is sufficient on a collateral attack. (*Ex parte Clary,* 149 Cal. 732, 87 Pac. 580.)

T. C. Gregory, District Attorney of Solano County, for Respondent.

.   The case at bar is not within the exception created by statute to make the county liable. A trial is the examination of an issue of fact. (3 Blackstone's Commentaries, 335; *People* v. *Beam,* 66 Cal. 394, 5 Pac. 677; *People* v. *Goldenson,* 76 Cal. 328, 19 Pac. 161; *People* v. *Breen,* 130 Cal. 76, 62 Pac. 408; *People* v. *Totman,* 135 Cal. 133, 67 Pac. 51; *People* v. *Turner,* 39 Cal. 371; *Tregambo* v. *Comanche etc. Co.,* 57 Cal. 501; Pen. Code, tit. VI, VIII; 8 Words and Phrases, p. 7695, and cases cited.) There are no facts in the case on which an estoppel can be predicated.

CHIPMAN, C. J.—This is an action to recover the cost of caring for one John Welsh, who was adjudged to be insane. The cause was tried by the court without a jury, and it was found that defendant was not indebted to plaintiff in the sum claimed, or any other sum. Judgment passed in favor of defendant for costs, from which and from the order denying its motion for a new trial, plaintiff appeals.

It appears that in the year 1885, Welsh was charged by information, duly filed in the county of Solano, with the crimes of burglary and grand larceny; that on February 12, 1885, Welsh "came to the bar of the superior court for arraignment upon said charges," but was not in fact arraigned; "that thereupon on the twelfth day of February, 1885, a doubt having arisen as to the sanity of said Welsh, when said defendant so came to the bar of the court for arraignment," the court "ordered the question of the sanity of said Welsh to be submitted to a jury, and all further proceedings upon said information were suspended pending the determination of his sanity by a jury"; Welsh was found to be insane and the court ordered him to be committed to the Napa State Asylum (now called Napa State Hospital), where he was admitted as and ever since has been an insane inmate.

The record contains the formal commitment signed by the judge of the superior court and recites the pendency of the information against Welsh, the fact that a doubt of his sanity

having arisen, a jury had by order of the court inquired into the matter and found him to be insane, and directs the suspension of further proceedings under the information, and that he be committed to the State Insane Asylum at Napa.

As amended in 1880, section 1368 of the Penal Code read as follows: "When an action is called for trial, or at any time during the trial, or when the defendant is brought up for judgment on conviction, if a doubt arise as to the sanity of the defendant, the court must order the question as to his sanity to be submitted to a jury; and the trial or the pronouncing of the judgment must be suspended until the question is determined by their verdict, and the trial jury may be discharged or retained, according to the discretion of the court, during the pendency of the issue of insanity." The section, prior to 1880, read "indictment," where it was made to read "action."

Section 1373 of the same code provides that "the expenses of sending the defendant to the asylum and keeping him there, and of bringing him back, are in the first instance chargeable to the county in which the indictment was found, or information filed; but the county may recover them from the estate of the defendant, if he have any, or from a relative, town, city, or county bound to provide for and maintain him elsewhere."

Appellant contends that section 1368 should be given such liberal construction as would make the county liable where the defendant is committed as insane at any time after the information is filed or the indictment is found against him. On the other hand respondent contends that no liability of the county accrues except in the case mentioned in the statute, namely, where the "action is called for trial, or at any time during the trial, or when the defendant is brought up for judgment on conviction."

It is doubtless true, as urged by appellant, that, after information or indictment and before arraignment, it would be the duty of the court, if a doubt arises as to the sanity of the defendant, to suspend further proceedings until the question of sanity has been determined. It was held in *People* v. *Ah Ying*, 42 Cal. 18, that if a doubt arises at any time as to the sanity of the defendant, it is the duty of the court, on its own motion, to suspend the trial or further proceedings in the case at whatever stage the doubt arises.

It was so at common law in a capital offense, for it was said that if insane the accused "ought not to be arraigned for it, because he is not able to plead to it with that advice and caution that he ought." (Blackstone's Commentaries, book IV, star p. 25.)

But this duty of the court conceded, we are brought no nearer a solution of the question here. The Napa State Hospital, as its name implies and as is the fact, is a state institution whose expenses are borne by the state. We must look to the statute alone for authority to charge a county with the expense of keeping an inmate in a state hospital. The only statute to which our attention has been called which it is claimed fixes any liability upon the county is found in the two sections above quoted. It does not follow because the court may and should inquire into the sanity of a person resting under indictment or information, before arraignment or when arraigned, that a commitment at that stage of the action would cast the burden of keeping the accused at the state hospital upon the county. The legislature has said that "when an action is called for trial" or during the trial, or when the accused is brought up for judgment (sec. 1368), the expense of keeping the prisoner when committed to the state hospital shall be borne by the county (sec. 1373). In all other cases we must assume that the legislature intended that the expense should fall upon the state. The question then would seem to be: Can an action be said to be "called for trial" when the accused is brought into court for arraignment but is not arraigned, and at this stage of the proceedings his insanity is adjudged and he is committed to the state hospital?

Under the criminal procedure provided by the code, when the indictment or information is filed, the defendant must be arraigned thereon (Pen. Code, sec. 976); if for a felony, he must be personally present, otherwise he need not be (sec. 977); to secure his personal appearance a bench warrant may issue (secs. 980, 986); on his appearance for arraignment he is entitled to counsel, and if necessary the court must appoint one (sec. 987); if, on arraignment, he requires it, he must be allowed a reasonable time, not less than one day, to answer, move to set aside, demur or plead to the indictment or information (sec. 990). Many steps may be taken by the defendant to test the validity of the indictment or informa-

4 Cal. App.—33

tion and commitment before any trial can be had. To what extent a hearing and order of discharge on demurrer to the indictment or information may be regarded as a trial need not be considered, for that stage had not been reached. We are satisfied that there was no trial in the present case, for no issue of law or of fact had been framed and, of course, none was heard.

Appellant would have us read the section as though the language "when an action is called for trial" means "at any time during the pendency of a criminal charge." To do this would be to legislate, which is the exclusive function of the legislature.

It may be difficult to advance any good reason for charging the county with the expense of keeping prisoners at state hospitals who are found to be insane when called for trial, and to relieve the county from such expense when they are found insane before being called for trial. If there is injustice in the law the remedy is not with the courts. In this instance the accused has been at the state hospital for over twenty-one years and is probably incurable. Whether in such case, under any circumstances, he should be a perpetual charge upon the county, would seem to call for some more definite provision than we now have in the law.

The judgment and order are affirmed.

McLaughlin, J., and Buckles, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 28, 1907.