[No. 13133.   Department Two.   April 1, 1916.]

THE STATE OF WASHINGTON, *Respondent*, v.
HENRY PETERSON, *Appellant*.[1]

CRIMINAL LAW—DEFENSES—INSANITY— DETERMINATION — DISCRE-
TION—ABUSE.   In the absence of any statute on the subject, it is
discretionary for the trial court to enter upon an examination of an
accused person to determine the question of his sanity with a view
of determining the right of the state to put him upon trial or enter
judgment against him; and it is not an abuse of discretion to re-
fuse a motion for the appointment of a commission for that pur-
pose where the motion was supported only by the verification of
counsel that he believed his client to be insane, where the court had
the benefit of observations during the trial, at which a jury deter-
mined that accused was not insane at the time of the commission
of the offense.

SAME—DEFENSES—INSANITY—INQUIRY—STATUTES.   Rem. & Bal.
Code, § 5953, authorizing the superior court to cause to be brought
before it any person who is alleged to be insane and unsafe to be
at large, has no application to a person convicted of crime and al-
ready in the custody of the court, and does not divest the trial
court of its power to exercise its discretion as to an inquiry touch-
ing the defendant's sanity.

Appeal from a judgment of the superior court for King
county, Ronald, J., entered January 11, 1915, upon a trial
and conviction of rape.   Affirmed.

*Glasgow & Waite*, for appellant.

*Alfred H. Lundin* and *Joseph A. Barto*, for respondent.

PARKER, J.—The defendant, Henry Peterson, was charged
by information with an attempt to commit the crime of carnal
knowledge of a child.   His trial in the superior court re-
sulted in a verdict of "guilty as charged."   Thereupon judg-
ment was rendering sentencing him to the penitentiary, from
which judgment he has appealed to this court.

On September 21, 1914, this prosecution was commenced
by the filing of the information.   On September 30, 1914,

[1]Reported in 156 Pac. 542.

appellant being duly arraigned, pleaded "not guilty." On November 16, 1914, counsel for appellant moved the court for the appointment of a commission of physicians to examine appellant as to his sanity, which motion was on that day denied. At the same time, appellant was by the court granted leave to file a plea of insanity, and ordered to file the same immediately. Thereupon counsel for appellant filed a plea of insanity as a defense to the charge, in form substantially as prescribed by Rem. & Bal. Code, § 2174 (P. C. 135 § 1377). On December 22, 1914, the case being called for trial, counsel for appellant again moved the court for the appointment of a commission to examine appellant as to his sanity, which motion was by the court denied, and the trial proceeded, verdict being rendered against appellant the following day. On January 9, 1915, counsel for appellant filed a petition in the case, again making application to the court to have a commission appointed to examine appellant as to his sanity. This petition was verified by counsel to the effect "that he believes defendant to be insane and mentally irresponsible." The prior motions appear to have been made orally. In any event, the record before us does not show them to have been made in writing, nor does the record contain any showing of facts upon which they were based. This last application for the appointment of a commission, and also appellant's motion for new trial, then pending, were denied, and on January 11, 1915, final judgment was rendered against appellant sentencing him to the penitentiary.

The contention made in appellant's behalf principally relied upon by his counsel is, in substance, that the trial court erred in proceeding to trial and final judgment without first causing the question of appellant's sanity to be inquired into and determined by a commission, as applied for by the motions and the petition above noticed. In so far as appellant's alleged insanity had to do with the question of his guilt is concerned, he was amply protected by the plea of insanity filed in his behalf. There was thereby brought before the

jury the question of appellant's insanity at the time of the
commission of the offense, and also the question of the con-
tinuation of such insanity. That special plea was filed, evi-
dence introduced in support thereof, the jury fully instructed
thereon, and proper forms of verdict submitted to the jury,
as provided by Rem. & Bal. Code, §§ 2174 and 2175 (P. C.
135 §§ 1377, 1379), as follows:

"When it is desired to interpose the defense of insanity
or mental irresponsibility on behalf of one charged with a
crime, the defendant, his counsel or other person authorized
by law to appear and act for him, shall at the time of plead-
ing to the information or indictment file a plea in writing in
addition to the plea or pleas required or permitted by other
laws than this, setting up (1) his insanity or mental irre-
sponsibility at the time of the commission of the crime
charged, and (2) whether the insanity or mental irresponsi-
bility still exists, or (3) whether the defendant has become
sane or mentally responsible between the time of the commis-
sion of the crime and the time of the trial.  .  .  .

"If the plea of insanity or mental irresponsibility be inter-
posed, and evidence upon that issue be given, the court shall
instruct the jury when giving the charge, that in case a ver-
dict of acquittal of the crime charged be returned, they shall
also return special verdicts finding (1) whether the defendant
committed the crime and if so, (2) whether they acquit him
because of his insanity or mental irresponsibility at the time
of its commission, (3) whether the insanity or mental irre-
sponsibility continues and exists at the time of the trial, and
(4) whether, if such condition of insanity or mental irre-
sponsibility does not exist at the time of the trial, there is
such likelihood of a relapse or recurrence of the insane or
mental irresponsible condition, that the defendant is not a
safe person to be at large. Forms for the return of the
special verdicts shall be submitted to the jury with the forms
for the general verdicts."

Counsel for appellant seem to proceed upon the theory that
these sections of the statute have to do only with the ques-
tion of insanity in so far as it relates to the guilt or innocence
of the accused, and that they have no relation to insanity of

the accused at the time of trial or judgment as affecting the right of the state to proceed with his trial and render judgment against him. Assuming, for present purposes, that this is a correct view of these sections of the statute, and having in mind the general rule of the common law that an accused person cannot be lawfully tried or have judgment rendered against him while he is insane, as held in *State ex rel. Mackintosh v. Superior Court*, 45 Wash. 248, 88 Pac. 207, we are of the opinion that it is a matter within the discretion of the trial court as to whether or not it will enter upon an examination of the question of the sanity of the accused with a view of determining the right of the state to put him upon trial and render judgment against him. We know of no statute of this state which makes it mandatory upon the trial court to enter upon such an inquiry or to appoint a commission looking to the determination of such a question. In states having statutes authorizing the appointment of such a commission with a view of determining the sanity of an accused person prior to trial or judgment, the statute not being mandatory in terms, the rule seems to be that it is within the discretion of the trial court as to whether or not it will so proceed. In *People v. McElvaine*, 125 N. Y. 596, 26 N. E. 929, the court observed:

"The question raised under similar statutes has been considered in a number of our sister states, and, so far as we are aware, has been uniformly construed to invest the trial court with a discretion to order such examination or not, as it might, from inspection, observation and information, judge to be necessary or expedient. (*Webber v. Commonwealth*, 119 Pa. 223; *Jones v. State*, 13 Alabama 153; *Bonds v. State*, 1 Martin & Yerger [Tenn.]; *State of Iowa v. Arnold*, 12 Iowa 480; *People v. Ah Ying*, 42 Cal. 18.)"

See, also, *State v. Peacock*, 50 N. J. L. 34, 11 Atl. 270; *Granberry v. State*, 184 Ala. 5, 63 South. 975; *People v. Kirby*, 15 Cal. App. 264, 114 Pac. 794; 12 Cyc. 509.

We cannot see that the rule of discretion should be regarded differently in the absence of a statute on the subject.

Some of the above cited authorities so hold. The real question we think then is, Did the learned trial court abuse its discretion in refusing to appoint a commission and enter upon the inquiry as asked by counsel in their motions and petition? There is nothing in the record before us showing any facts upon which the two motions made before trial were rested. The last application, made in the form of a petition, between the time of the rendering of the verdict and the time of the rendering of the final judgment, is supported only by the verification of counsel for appellant to the effect "that he believes said defendant to be insane and mentally irresponsible." It seems quite plain to us that it cannot be said, upon this showing, that the learned trial court abused its discretion in declining to appoint a commission or enter upon an inquiry touching the sanity of appellant at that time. At the time of the filing of the verified petition, the trial judge had the benefit of his own information touching appellant's mental condition, acquired by observation of appellant during the course of the trial and other proceedings when appellant was present in court. We have assumed, for the sake of argument, that in the making of these motions and the filing of this petition, counsel for appellant were in effect asking the court to refrain from putting appellant upon trial or render judgment against him, because of his then insanity, apart from the insanity which was pleaded as a defense and alleged to exist at the time of the commission of the act charged as a crime against him. It seems quite plain to us that the motions and petition did not, and could not, properly bring before the court the question of appellant's insanity for any other purpose.

After the rendering of the verdict and before the rendering of the judgment against appellant, his counsel also filed in the superior court for King county a complaint alleging him to be insane, in the usual form for initiating proceedings looking to commitment to the hospital for the insane of persons who are "unsafe to be at large" by reason of their in-

sanity.   Counsel seem to have filed this complaint with a view
of presenting the question of appellant's insanity to the court
under Rem. & Bal. Code, § 5953 (P. C. 247 § 21), reading
in part as follows:

"The superior court of any county in this state, or the
judge thereof, upon the application of any person under oath,
setting forth that any person, by reason of insanity, is un-
safe to be at large, shall cause such person to be brought be-
fore him,   .   .   ."

Even though it might be held that, in such a proceeding,
the court is required to proceed to a hearing upon the ques-
tion of insanity so presented, we are of the opinion that the
court is not bound to so proceed in a case of this nature, since
the accused who is alleged to be insane is already in the
custody of the law.   The question here presented is not
whether appellant shall be restrained of his freedom because
he "is unsafe to be at large," but whether he is entitled to
have the court refrain from putting him upon trial for a
crime or refrain from pronouncing judgment against him be-
cause of his insanity.   Appellant cannot be withdrawn from
the jurisdiction of the court in this criminal prosecution by
a proceeding under § 5953, above quoted from.   The ques-
tion of his sanity, we think, remains within the jurisdiction
of the court in which the criminal case is pending against
him until final judgment is rendered therein, to be deter-
mined, if necessary, by the court as incident to the criminal
case, whether it be raised by special plea as a defense to the
criminal charge, or raised as a bar to putting the accused
upon trial or pronouncing judgment against him.   We are
of the opinion that the attempted commencement of this in-
dependent proceeding under § 5953 did not divest the trial
court of power to exercise the discretion which we have con-
cluded was not abused in the court's decision that the pre-
liminary showing did not call for an inquiry touching the
sanity of appellant.

The only other assignment of error made by counsel for appellant is that "the court erred in denying appellant's motion for a new trial." This assignment is presented to us without any argument or citation of authorities whatever. We feel justified in disposing of it in an equally summary manner by saying that we think it is without merit, in so far as the facts brought to our attention in counsel's statement of the case in their brief disclose. We do not feel that we are called upon to give this assignment further attention.

The judgment is affirmed.

MORRIS, C. J., MOUNT, BAUSMAN, and HOLCOMB, JJ., concur.