[No. 18681.  Department Two.  December 1, 1924.]

THE STATE OF WASHINGTON, *Respondent*, v.

BERT JACOB, *Appellant*.[1]

CRIMINAL LAW (195-1)—TRIAL—PRELIMINARY PROCEEDINGS—DE-TERMINATION OF INSANITY.  An application for a continuance to determine the mental condition of the accused at the time of the trial is addressed to the discretion of the trial court; and no abuse of discretion appears from a denial thereof, where it appears that, two days before the trial, accused had taken a narcotic drug disabling him for the next day, but that he had recovered at the time of the trial.

Appeal from a judgment of the superior court for King county, Tallman, J., entered January 7, 1924, upon a trial and conviction of robbery.  Affirmed.

*Henry Clay Agnew,* for appellant.

*Malcolm Douglas* and *T. H. Patterson,* for respondent.

MITCHELL, J.—Appellant was convicted of robbery, and has appealed.

The first assignments of error are that the court improperly refused applications for a continuance of the trial, and for an examination of the appellant's mental condition, presented to the court just as the case was to be called for trial, upon the ground, as stated, that the appellant's mind was not sufficiently clear and normal to allow the trial to proceed.  It appeared that, two days before the trial, the appellant had partaken of a narcotic drug smuggled into the jail where he was confined, from which he was still suffering the day before the trial, when visited by his counsel. It was admitted by appellant's counsel that his affidavit supporting the motions was made more particularly with

[1]Reported in 230 Pac. 647.

reference to the condition of the appellant the day before the trial, and that he was much better at the time the applications and motions were presented. Before the motions were finally disposed of, it was admitted that the appellant "came up to the court and court house unassisted," and that, during the proceedings in court, consisting of the presentation and argument of the motions, together with considerable colloquy between respective counsel and the court, as remarked by the court, "he (appellant) has been sitting in the court room quietly and making no disturbance or anything of the kind, like any other prisoner would have."

The general rule in such cases is that such applications are addressed to the discretion of the trial court. The rule is admitted by counsel. We so held in *State v. Peterson,* 90 Wash. 479, 156 Pac. 542, whether the subject be considered in connection with either statutes that are not mandatory or the common law. In *State v. Peterson* we quoted with approval from the case of *People v. McElvaine,* 125 N. Y. 596, 26 N. E. 929, as follows:

" 'The question raised under similar statutes has been considered in a number of our sister states, and, so far as we are aware, has been uniformly construed to invest the trial court with a discretion to order such examination or not, as it might, from inspection, observation and information, judge to be necessary or expedient. (*Webber v. Commonwealth,* 119 Pa. 223; *Jones v. State,* 13 Alabama 153; *Bonds v. State,* 1 Martin & Yerger (Tenn.) ; *State of Iowa v. Arnold,* 12 Iowa 480; *People v. Ah Sing,* 42 Cal. 18.)' "

Upon the record in the present case, it cannot be held that there was any abuse of discretion on the part of the trial court in denying the motions.

The appellant and another were jointly informed against and tried, the other one only having interposed

the defense of an alibi. It is claimed that the court committed error in his instruction that the burden of proof was on the defendants to prove their alibi. Notwithstanding such language we are satisfied the jury could not possibly have been and was not misled as to the rights of the appellant who had offered no proof of an alibi, and because still further on the same subject the court said: ''The law is that when a defendant interposes the defense of an alibi the burden is upon him to prove it, etc.''

Under the allegations of the information that the money taken was at the time of the robbery in the lawful possession of Stephen M. Fowler from whom it was taken by means of force and violence, and under § 2418, Rem. Comp. Stat. [P. C. § 9116], defining robbery, together with subd. 16 of § 2303, Rem. Comp. Stat. [P. C. § 8738], saying, ''Any person shall be deemed an 'owner' of any property who has a general or special property in the whole or any part thereof, or lawful possession thereof, either actual or constructive,'' we are satisfied the instruction given by the court with reference to the ownership of the money or the capacity in which Fowler held it was clear, proper and sufficient.

Judgment affirmed.

MAIN, C. J., FULLERTON, PARKER, and PEMBERTON, JJ., concur.