**GEE LUNG et al. v. UNITED STATES.**

No. 9326.

Circuit Court of Appeals, Ninth Circuit.

April 15, 1940.

Otto E. Myrland, of Tucson, Ariz., for appellants.

F. E. Flynn, U. S. Atty., of Phoenix, Ariz., and John P. Dougherty, Asst. U. S. Atty., of Tucson, Ariz., for appellee.

Before WILBUR, MATHEWS, and STEPHENS, Circuit Judges.

WILBUR, Circuit Judge.

The appellants were convicted of a violation of §§ 171 and 88, 18 U.S.C.A., in the United States District Court for the District of Arizona. Appellants' sole complaint is that the court committed prejudicial error in transferring the case from Tucson, Arizona, where it had been twice tried. Each trial resulted in disagreement of the jury. On June 9, 1939, over the objection of the appellants, the case was transferred from Tucson to Prescott for trial on August 8, 1939. When the case was called for trial counsel for the appellants moved that it be returned to Tucson for trial and this motion was denied. After a trial occupying ten days the jury returned a verdict of guilty on August 18, 1939.

Arizona is not segregated into divisions and the statutes and decisions with relation to the transfer from one division to another have no application. The act creating the judicial district of the state of Arizona provided for the holding of court in Tucson on the first Mondays in May and November; at Phoenix on the first Mondays in April and October; at Prescott, on the first Mondays of March and September; and at Globe on the first Mondays in June and December. The act provides, with reference to the transfer of cases from one place of trial to another, as follows: "Causes, civil and criminal, may be transferred by the court or judge thereof from any of the aforesaid places where court shall be held in said district to any of the places herein above mentioned in said district when the convenience of the parties or the ends of justice would be promoted by the transfer; * * *". (28 U.S.C.A. § 143. June 20, 1910, c. 310, § 31, 36 Stat. 576; Oct. 3, 1913, c. 17, §§ 1, 2, 38 Stat. 203)

Appellants contend that no order of transfer from one place of trial to another is justified unless an affirmative showing is made to the court at the time of transfer that the convenience of the parties or the ends of justice would be promoted by the transfer. As we construe this provision of the law it leaves the ques-

tion of transfer of cases entirely in the discretion of the trial court and such an order, like all discretionary orders, can be reviewed only for an abuse of discretion. Cf., Rosecrans v. United States, 165 U.S. 257, 17 S.Ct. 302, 41 L.Ed. 708. The court can act upon its own motion and in such case the presumption on appeal is in favor of the validity of the order made by the trial court. In all cases the burden is upon the complaining party to establish that there has been an abuse of discretion. The appellant has not done this.

Upon the application for retransfer of the case the appellants presented no reasons or grounds to the court for the retransfer of the case to Tucson. No showing was made to the trial court that the appellants were in any way prejudiced by the transfer of the case from Tucson to Prescott for trial or by the refusal to retransfer it to Tucson. The appellants call attention to the fact that there might be great inconvenience to witnesses caused by transfer of trial from Tucson to Prescott and that the character witnesses might not be so readily obtained nor their testimony have so much weight in Prescott as in Tucson. It is also pointed out that the common law right to a trial by jury entitled one "to be tried by the peers of one's vicinage".

The difficulty with these suggestions is that counsel does not point out in what manner these general principles or considerations apply to the transfer in question.

Judgment affirmed.