**BENNETT v. HUNTER, Warden.**

No. 3276.

Circuit Court of Appeals, Tenth Circuit.

April 27, 1946.

Frank Bruno, of Denver, Colo. (Byron G. Rogers, of Denver, Colo., on the brief), for appellant.

Eugene Davis, Asst. U. S. Atty., of Topeka, Kan. (Randolph Carpenter, U. S. Atty., of Topeka, Kan., on the brief), for appellee.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge.

This is an appeal from a judgment discharging a writ of habeas corpus.

An indictment containing five counts was returned against Bennett, hereinafter called

petitioner, in the District Court of the United States for the Western District of Missouri. Each count charged a violation of 26 U.S.C.A. Int.Rev.Code, § 2554(g). On May 19, 1942, petitioner appeared, in person and by his counsel, and entered pleas of nolo contendere to the several counts of the indictment. The court suspended the imposition of sentence, and placed the petitioner on probation for a period of five years. One of the conditions imposed was that petitioner should voluntarily enter the United States Public Health Service Hospital at Fort Worth, Texas, and be there confined until pronounced cured of his narcotic addiction, or until he should otherwise be discharged according to law. On May 23, 1942, petitioner entered such hospital and underwent treatment until October 8, 1942, when he was discharged from such hospital. Petitioner then returned to Springfield, Missouri, to resume the practice of his profession, that of physician and surgeon.

On January 24, 1944, the court made a finding that the terms and conditions of the order of probation had not been observed and complied with, and entered an order revoking the order of probation. The order of revocation recited that petitioner appeared in person and by counsel. Thereafter, on January 26, 1944, the court entered a judgment which recited that petitioner appeared in person and by counsel, and adjudged that he be imprisoned in an institution to be designated by the Attorney General for a period of five years.

On December 5, 1942, petitioner's wife, Alice Bennett, filed a petition in the probate court of Green County, Missouri, in which she alleged that petitioner "is a person addicted to the use of morphine so as to be incapable of managing his affairs * * * and that he is likely to squander and waste his * * * property unless the care and management of said property be placed under the care of a suitable person as guardian. * * *" Thereafter, petitioner appeared in probate court, in person and by his attorney, and a hearing was had. The probate court found that petitioner had been a habitual user of morphine for almost 30 years. On December 12, 1942, the probate court entered

an order appointing Alice Bennett guardian and curatrix of the person and estate of petitioner. The order recited that petitioner had theretofore on that date "been adjudged incompetent because of being a drug addict."

The record in the instant case does not show that a plea of insanity was presented, either at the hearing on the revocation of probation, or at the time of the imposition of sentence. The most that can be gleaned from the record is that the proceedings in the probate court were called to the sentencing court's attention, and that, solely from the testimony of the petitioner in the instant case, that at the hearing on the revocation of probation, the judge said, "I am not required to give that any consideration," apparently referring to the probate court proceeding.

The record in the instant case wholly fails to indicate that the court, when it entered the order revoking the probation, and when it imposed sentence, had, or should have had, any doubt as to petitioner's sanity. Indeed, there is nothing in the record to indicate that petitioner was then insane.

The court below found "that the burden of proof rests upon the petitioner to establish that he was incompetent and without sufficient mental capacity at the time of entering the plea of nolo contendere and the finding of guilt thereunder, as well as at the time of revocation of probation and sentence and that the petitioner has failed to sustain that burden * * * that the petitioner was in the possession of his mental faculties at all times, knew right from wrong, and fully understood the nature of the charges against him; that the proceedings at all times, when the petitioner was before the trial court, were regular and that the petitioner had full understanding of the significance of the proceedings had in the trial court."

Petitioner contends that the order of January 24, and the judgment entered on January 26, 1944, are void, because he was insane and was not represented by counsel at the time of the hearing on the revocation of the probation and the entry of the judgment imposing sentence.

In the absence of a showing of fraud, a judgment imports verity and its recitals may not be challenged in a collateral proceeding by parol testimony. Thomas v. Hunter, 10 Cir., 153 F.2d 834. The claim, that petitioner was not represented by counsel, is foreclosed by the recitals in the order of revocation and the judgment.

The common law forbids the sentencing of an insane person, or of one who becomes insane after conviction, while he continues of unsound mind.[1] Where the defendant interposes a plea that he became insane after conviction and before the imposition of sentence, the plea is addressed to the court's discretion, and if there is nothing to raise a doubt as to sanity, the court may disregard the plea and pronounce sentence.[2] Here, the probate court had not adjudged petitioner insane. It had merely adjudged that he was incapable of managing his affairs, because of his addiction to narcotic drugs, under § 509, R.S.Mo.1939, Mo.R.S.A., which provides for the appointment of guardians for habitual users of narcotic drugs.[3]

And we cannot say on this record that the court should have made further inquiry into petitioner's sanity before proceeding with the hearing on revocation of the probation and before imposing sentence, or that the findings of the court below are clearly erroneous.

Moreover, we held in McMahan v. Hunter, 10 Cir., 150 F.2d 498, 499, that, "Generally, insanity as a bar to the imposition of sentence is a factual issue for the determination of the court having jurisdiction of the offense, and a judgment of sentence by a court of competent jurisdiction may not be collaterally attacked on that issue in a habeas corpus proceedings."

The judgment discharging the writ is, therefore, affirmed.

---

[1] In re Smith, 25 N.M. 48, 176 P. 819, 822, 3 A.L.R. 83; Howie v. State, 121 Miss. 197, 83 So. 158, 159, 10 A.L.R. 205; Nobles v. Georgia, 168 U.S. 398, 406, 18 S.Ct. 87, 42 L.Ed. 515; State v. Henke, 196 Wash. 185, 82 P.2d 544, 547.

[2] Commonwealth v. Schmous, 162 Pa. 326, 29 A. 644, 646; State v. Godwin, 216 N.C. 49, 3 S.E.2d 347, 356, 357; Nobles v. Georgia, 168 U.S. 398, 407, 408, 18 S.Ct. 87, 42 L.Ed. 515; State v. Peterson, 90 Wash. 479, 156 P. 542, 543.

[3] "Sec. 509. Guardians of drunkards, how appointed—powers and duties—If information, in writing, verified by the informant on his best information and belief, be given to the probate court of any county that any person in its county is so addicted to habitual drunkenness or to the habitual use of cocain, chloral, opium or morphine as to be incapable of managing his affairs, and praying that an inquiry thereinto be had, the court shall proceed therein in all respects as herein provided in respect to an idiot, lunatic or person of unsound mind, and if a guardian is appointed on such proceedings, he shall have the same powers and be subject to the same control as the guardian mentioned in section 451, and shall publish the same notice mentioned in section 473; also, shall file an inventory and appraisement, made under the provisions mentioned in sections 461 to 468, both inclusive."