## WAGNER v. HUNTER.
### No. 3447.

Circuit Court of Appeals, Tenth Circuit.
May 8, 1947.
Rehearing Denied June 4, 1947.

John H. Tippit, of Denver, Colo., for appellant.

Eugene W. Davis, Asst. U. S. Atty., of Topeka, Kan. (Randolph Carpenter, U. S. Atty., of Topeka, Kan., on the brief), for appellee.

Before BRATTON, HUXMAN, and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

This is an appeal from an order discharging a writ of habeas corpus and remanding petitioner to the custody of respondent, Walter A. Hunter.

Petitioner was indicted in the United States District Court for the Northern District of Alabama, Southern Division, in Criminal Case No. 11,353. The indictment was filed September 9, 1943. On October 4, 1943, petitioner waived his right to appear for arraignment in the Southern Division of the court at Birmingham, and asked leave to plead to the indictment at Jasper in the Jasper Division of the court. Leave being granted, he entered a plea of not guilty. Thereafter he was tried and found guilty by a jury for the Northern District of Alabama, Southern Division, at Birmingham, Alabama. He was represented at the trial by counsel of his own choosing. Following his conviction, he appeared before the trial court with his own attorney, and received the sentence which he is now serving. A notice of appeal was docketed in the United States Circuit Court of Appeals for the Fifth Circuit, but the appeal was not perfected and was subsequently dismissed.

In the habeas corpus action instituted in the court below, petitioner set up numerous grounds in support of his contention that the judgment and sentence imposed on him are void. In general, he asserted that the indictment was obtained by fraud and that his conviction was obtained by the government knowingly using perjured testimony; that he was denied the right of counsel at the time of his arraignment at Jasper; and that when the case was transferred to the Jasper Division for arraignment, the Southern Division lost jurisdiction of the case and was without jurisdiction thereafter to hear and try the case.

Petitioner was accorded a lengthy, full and complete hearing in the court below. In his appeal to this court, he sets up twenty-nine assignments of error. They largely consist of a restatement, in a confused way, of the points above outlined.

There is a complete lack of any showing that the indictment was procured by fraud and this part of the appeal needs no further consideration.

■■ Concerning his asserted denial of his right to be represented by counsel at the time of his arraignment at Jasper, it is sufficient to say that the recitals of the court affirmatively show that his right to counsel was explained to him, that he was specifically asked if he desired counsel, and replied that he did not want counsel. Without exception we have held that the absence of fraud, the records of a court import absolute verity and may not be impeached by extrinsic evidence.[1]

■■ There is a complete lack in record of any showing which would remotely tend to support the assertion that perjured testimony was knowingly used by the prosecuting attorneys in the trial of the case. Taking petitioner's own testimony at par, the most that can be said for it is that it shows that some of the witnesses gave false testimony. But even if this be true, it does not void the judgment. The vice which will vitiate the judgment of a court is the knowing, wilful and intentional use of perjured testimony in a trial to secure a conviction.[2]

The final contention which merits consideration is the asserted lack of jurisdiction of the Southern Division at Birmingham to try the case. As noted above, the case was transferred to the Jasper Division at the request of petitioner, for arraignment, and was thereafter transferred back

[1] Thomas v. Hunter, 10 Cir., 153 F.2d 834; Bennett v. Hunter, 10 Cir., 155 F. 2d 223.

[2] Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406; Casebeer v. Hudspeth, 10 Cir., 121 F.2d 914.

to the Southern Division at Birmingham for trial. Petitioner contends that when the case was transferred to Jasper, the Southern Division lost jurisdiction and could not thereafter try the case. There was no general transfer of the case to the Jasper Division. All there was was an appearance there by petitioner, at his request, for arraignment.

The power to transfer a case from one division of the court to another rests largely within the discretion of the court having full jurisdiction over the entire district. In Rosecrans v. United States, 165 U.S. 257, 17 S.Ct. 302, 305, 41 L.Ed. 703, the Supreme Court said: "So far as the mere transfer of the place of trial from one division to another, it would seem, in the absence of express prohibition, to be within the competency of the court having full jurisdiction over the entire district, and certainly presents no ground of error when it is not at the time challenged, and the trial proceeds without objection." The jurisdiction of the judge who tried the case at Birmingham, as well as the jurisdiction of the judge who presided at the arraignment at Jasper in the Jasper Division was coextensive with both divisions.

In Gee Lung v. United States, 9 Cir., 111 F.2d 640, it was held that the question of transfer of a case for trial within the district rested entirely in the discretion of the court, and can be reviewed only for an abuse of such discretionary power. As pointed out, there is no showing that there was a general transfer of this case from the Southern Division to the Jasper Division. Furthermore, at the trial of the case, petitioner was represented by counsel of his own choosing. No objection was made to the jurisdiction of that court to hear the case. Under these circumstances, even if there should have been some irregularity in the transfer of this case in that no formal order was entered, petitioner has waived his right to object thereto, if such right existed. It would not be fatal to the jurisdiction of the court that tried him and would not constitute grounds for release by habeas corpus.

We find no error in the proceedings in the court below, and the judgment appealed from is therefore affirmed.