[No. 6469-3-II.   Division Two.   August 14, 1984.]

THE STATE OF WASHINGTON, *Respondent*, v. KATSUTOSHI HIGA, *Appellant*.

*Douglas Kaukl,* for appellant (appointed counsel for appeal).

*William H. Griffies, Prosecuting Attorney,* and *Barbara L. Corey–Boulet, Deputy,* for respondent.

PETRICH, C.J.—Defendant Katsutoshi Higa appeals his conviction for first degree possession of stolen property and attempting to elude a pursuing police vehicle. Higa's appeal presents two issues for review. First, was it an abuse of the trial court's discretion to proceed to trial without a formal evidentiary hearing to determine Higa's competency to stand trial, when the circumstances of the charged offense were bizarre and after Higa displayed aberrant and disruptive courtroom behavior? Second, did the trial court deny Higa's due process rights by refusing to interpose a not guilty by reason of insanity plea despite Higa's explicit objection to such a plea or by not at least conducting an appropriate inquiry to determine whether such a plea ought to be interposed? After reviewing the holdings in *State v. Johnston,* 84 Wn.2d 572, 527 P.2d 1310 (1974) and *State v.*

*Jones,* 99 Wn.2d 735, 664 P.2d 1216 (1983), we hold that the trial court did not err and we affirm Higa's conviction.

Higa was charged with first degree possession of stolen property and attempting to elude a pursuing police vehicle after he was apprehended on March 18, 1982 while fleeing from police in a fire department aid car, stolen while firemen were responding to an aid call in Seattle. Higa told police he had stolen the aid car after he had anonymously received word that his brother was dying on the Olympic Peninsula and he needed transportation to reach him.

On March 19, 1982, Higa appeared for arraignment, but he was very agitated and it was rescheduled. The trial court ordered an in–jail psychiatric interview of Higa. On March 22 defendant pleaded not guilty. The trial court was dissatisfied with the in–jail psychiatric report and ordered Higa committed to Western State Hospital for 15 days. On April 19 at a hearing on Higa's motion for continuance, Higa jumped over the bench, attacked the judge and was removed from the courtroom. On the first day of trial, defense counsel stated for the record that he had advised defendant of the option to plead not guilty by reason of insanity (NGI plea), but that defendant had refused to do so. The trial court questioned defendant as to his refusal to enter an NGI plea and defendant replied that he was not insane and he did not want to so plead. Trial proceeded and resulted in defendant's conviction.

Higa contends first that the bizarre circumstances of his offense coupled with his assaultive behavior in court tended to show he was incompetent to stand trial, therefore, the trial court erred in not holding a formal evidentiary hearing on that issue. The analysis in *State v. Johnston, supra,* shows that this contention has no merit.

It is a matter within the discretion of the trial court as to whether or not it will enter upon an examination of the question of the sanity of the accused with a view to determining the right of the State to put him on trial and render judgment against him. *State v. Johnston, supra; State v. Peterson,* 90 Wash. 479, 482, 156 P. 542 (1916).

In *State v. Johnston,* defendant was charged with first degree murder. He had a considerable history of mental problems. He was sent to Eastern State Hospital for evaluation of his competency to stand trial. Two additional court appointed psychiatrists also examined defendant as to his competency to stand trial. The hospital report advised that defendant was not competent to stand trial, while the other two reports concluded that defendant was competent to aid in his defense and stand trial. Defendant never requested a formal evidentiary hearing on this issue. On the day trial commenced defense counsel stated to the trial court that he had advised defendant regarding an NGI plea, but that defendant refused to so plead. On appeal defendant argued the failure to hold a formal evidentiary hearing to determine his competency to stand trial was error. The Supreme Court disagreed, noting that the trial court had considered virtually all the proper elements in exercising its discretion:

> The trial judge may make his determination from many things, including the defendant's appearance, demeanor, conduct, personal and family history, past behavior, medical and psychiatric reports and the statements of counsel.

*State v. Johnston,* 84 Wn.2d at 576, citing *State v. Dodd,* 70 Wn.2d 513, 514, 424 P.2d 302, *cert. denied,* 387 U.S. 948 (1967).

In the instant case, the trial court ordered an in–jail psychiatric examination of Higa as well as a 15–day commitment to Western State Hospital for observation and evaluation. Dr. Trowbridge and Dr. Allison of Western State Hospital concluded that although Higa had a paranoid personality with obsessive–compulsive traits, he understood the nature of the proceedings against him, was able to assist his attorney in his defense and was competent to stand trial. The trial judge had many opportunities to observe the defendant, his demeanor and his ability to express himself. Defense made no request whatsoever for a formal evidentiary hearing to determine Higa's competency to stand trial. The trial court committed no error.

■ Higa contends next that the trial court erred in failing to interpose an NGI plea in the face of defendant's insistence upon pleading merely not guilty. The Supreme Court held in *State v. Jones, supra,* that as long as the defendant is competent to stand trial, a court may rarely, if ever, interpose an NGI plea over defendant's objection. Thus, the only permissible inquiries when a defendant seeks to waive his insanity defense are whether he is competent to stand trial and whether his decision to forgo an NGI plea is intelligent and voluntary. *State v. Jones, supra.* In only the rarest of cases, if ever, will the waiver decision be viewed as other than intelligent and voluntary, so as to require the entry of an NGI plea sua sponte. *State v. Jones, supra.*

In his brief, Higa conclusorily argues that the bizarre nature of his offense and his assaultive and aberrant behavior in court required the trial court to exercise its discretion and interpose an insanity defense. Higa cites to *State v. Jones,* 32 Wn. App. 359, 647 P.2d 1039 (1982), which was reversed by the Supreme Court in *State v. Jones,* 99 Wn.2d 735, 664 P.2d 1216 (1983).

At oral argument, Higa presented a more refined argument based on the Supreme Court opinion in *State v. Jones, supra.* Higa argues that even though he may have been competent to stand trial, there is no way of determining from the record before us whether his decision to forgo an NGI plea was intelligent and voluntary. Thus, reversal and a new trial is required, or at least a remand for a hearing on whether his decision was intelligent and voluntary.

■ We decline to address this argument, which was not a part of the assigned error on appeal, nor supported with argument in Higa's appellate brief. In any event, Higa offers no supporting facts which suggest anything but a voluntary plea. The record clearly states that Higa's defense counsel discussed an NGI plea on several occasions with Higa. Higa has not shown in any manner that this was insufficient for him to understand the consequences of forgoing an NGI plea and pleading merely not guilty.

Furthermore, we question seriously whether an appropriate threshold was reached in this case to have required the trial court to embark on an inquiry into whether Higa's decision to forgo an NGI plea was intelligent and voluntary. Some sort of threshold must be established because a trial court cannot be expected to inquire of every defendant who enters a not guilty plea whether the decision *not* to enter an NGI plea was intelligent and voluntary. Although *State v. Jones,* 99 Wn.2d 735, *supra,* does not define the circumstances which prompt such an inquiry, the facts of that case give some insight. In *Jones,* of several psychiatrists who examined defendant, all but one concluded that defendant was indeed insane at the time of the assault. In this case, we have no lay or professional opinion that Higa was insane at the time he stole the aid van and eluded pursuing police vehicles. The only professional opinion before this court states that Higa was sane at the time of his offense. We do not believe that defendant's bizarre and aberrant behavior and an apparently competent defendant's refusal to follow counsel's advice on entry of a plea is enough to require an inquiry into the plea decision.

Higa's conviction is hereby affirmed.

REED and WORSWICK, JJ., concur.