No. 29,005.

WILLIAM R. JOHNSTON, *Appellant,* v. P. A. JOHNSTON et al.,
*Appellees.*

(283 Pac. 617.)

Opinion filed January 11, 1930.

*John W. Davis,* of Greensburg, for the appellant.

*H. R. Daigh,* of Ashland, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: In this action the plaintiff seeks to recover on
two promissory notes of $5,000 each and to foreclose a chattel mort-
gage given to secure their payment. Judgment was rendered in
favor of the plaintiff on the notes. The plaintiff was given a lien
on part of the property claimed by him to have been covered by the
chattel mortgage and that part was ordered sold to satisfy the lien,
but the plaintiff was denied a lien on the remainder of the property
claimed by him to have been covered by the chattel mortgage.
From the order denying a lien the plaintiff appeals.

In 1921 the defendant, P. A. Johnston, owned an elevator at
Ashland. In that year he signed the notes sued on and gave a
chattel mortgage to secure their payment. The chattel mortgage
described the property mortgaged as follows:

"The elevator and coal bins and warehouse at the station at Ashland, Kan.,
together with all office fixtures and furniture, outside scales, and office. The
same being the property which P. A. Johnston procured from Ashland Grain
Company in June, 1920."

Part of the property claimed by the plaintiff to have been mort-
gaged to him was situated in the right of way of the Atchison, To-

peka & Santa Fe Railway Company and part on land then owned by P. A. Johnston adjacent to the right of way, but all acquired by P. A. Johnston at the same time and all operated as one property in connection with the elevator. There was an elevator, an office building, some coal bins, and a warehouse on the right of way. On the land owned by P. A. Johnston and adjacent to the right of way there was also a warehouse which was used as a granary for small grain purchased to be there sold at retail.

The court held that the only matter of controversy was the interpretation of the chattel mortgage, whether it included or did not include the warehouse on the property adjacent to the right of way. The court held that the chattel mortgage did not include that property.

The description of the property mortgaged has been quoted. What was covered by the chattel mortgage? "The elevator and coal bins and warehouse at the station at Ashland . . . the same being the property which P. A. Johnston procured from Ashland Grain Company." Does that mean part of the property procured from the Ashland Grain Company or all of that property? When the mortgage was given the property was being pledged to secure the payment of the notes. If it had been intended to pledge a part only of that property it would have been the easy and the natural way to have said, "The same being a part of the property which P. A. Johnston procured from the Ashland Grain Company." Instead of using that language or language of equal import language was used which when normally and reasonably interpreted means all of that property.

The judgment is reversed, and the trial court is directed to render judgment in accordance with this opinion.

HARVEY, J., not sitting.

JOCHEMS, J., not participating.