[No. 37406. Department One. April 1, 1965.]

THE STATE OF WASHINGTON, *Respondent*, v. ANDRE BRIGHAM YOUNG, *Appellant*.*

*Binns & Petrich* (*James J. Mason*, of counsel), for appellant.

*John G. McCutcheon* and *Schuyler J. Witt*, for respondent.

OTT, J.—November 24, 1962, Andre Brigham Young, aged 21, was arrested in Pierce County for a misdemeanor. During the time of his incarceration, he was questioned by the officers concerning a series of rapes which had occurred in the vicinity between September 22, 1962, and November 2, 1962. He denied any knowledge of them. November 28, 1962, his attorney secured bail, and he was thereupon released from custody on the misdemeanor charge.

December 4, 1962, Young was charged in Pierce County with the crime of burglary. December 5th, he was arrested at Bremerton, where he was enrolled in college as a third-year student. During the questioning concerning the burglary charges, he was again interrogated relative to the crimes of rape, and admitted that he had committed two

*Reported in 400 P. (2d) 374.

rapes. The next day, he requested that he be allowed to call the attorney who had represented him in the misdemeanor case. His request was granted, and he made two telephone calls to him. His attorney advised him not to make any statements. He was also allowed to call his mother, who advised him to tell the truth.

Following these three telephone conversations, he was further interrogated and confessed to having committed four rapes and several burglaries. His confession was recorded on tape. He later dictated to a stenographer his confession relative to the commission of one rape. Upon presentation of the confession for his signature, he made several handwritten corrections, but refused to sign the statement.

From the judgment and sentence entered upon the jury's verdict of guilty of the four charges of rape, Young has appealed.

Appellant urges two assignments of error: (1) That the confession was taken while he was being questioned relative to the crimes and in the absence of his attorney, and (2) that the unsigned statement was erroneously admitted in evidence.

The trial court found, at a pretrial hearing, that the confession was voluntary. Young was cognizant of his right to counsel, having just a week previously obtained counsel in connection with the misdemeanor charge.

Appellant's contention here is "that a confession elicited from an accused in the absence of his counsel is per se inadmissible." Appellant relies upon *Escobedo v. Illinois*, 378 U. S. 478, 12 L. Ed. (2d) 977, 84 S. Ct. 1758 (1964), where the accused had requested permission to talk to his attorney, which request was refused until after he had confessed. The court there held that the constitutional guarantee of a right to counsel had been violated. In the case at bar, appellant was promptly granted his request to confer with his attorney, but elected not to follow his attorney's advice. We do not find the cited case apposite.

Appellant also relies upon *Massiah v. United States*, 377 U. S. 201, 12 L. Ed. (2d) 246, 84 S. Ct. 1199 (1964). In the

*Massiah* case, the officers had surreptitiously caused to be taped a conversation between the accused and his friend during the time Massiah was released on bail. Massiah did not know that his friend, a former coconspirator, had since become a police informer. When the evidence thus obtained was used against Massiah, the Supreme Court held that he had been denied the basic protection of the Sixth Amendment to the Constitution of the United States. The *Massiah* decision is readily distinguishable upon the facts from the case at bar.

In the instant case, there was no secret or surreptitious interrogation. Young voluntarily made his statement to police officers after being permitted to consult with his counsel, and knowing he had a right to remain silent. The constitution grants an accused person a right to counsel. The exercise of the right, however, does not prevent the use of the accused's voluntary statements, made in the absence of his counsel and in disregard of his advice. We find no merit in appellant's first assignment of error.

Finally, appellant contends that the unsigned statement was not admissible for the sole reason that he had refused to sign it. The statement contained all the essential elements of a confession. It was a statement in which the accused acknowledged that he committed one of the offenses, disclosed in detail the circumstances of it, and his participation in it. *State v. Turner*, 58 Wn. (2d) 159, 361 P. (2d) 581 (1961). His subsequent refusal to sign the statement did not render it inadmissible as a confession. The court did not err in admitting into evidence the unsigned statement.

The judgment and sentence is affirmed.

HILL, DONWORTH, HUNTER, and HALE, JJ., concur.

June 8, 1965. Petition for rehearing denied.