[No. 39785.    Department Two.    August 1, 1968.]

THE STATE OF WASHINGTON, *Respondent*, v. GEORGE
DAVID TATE, *Appellant*.*

*Reported in 444 P.2d 150.

262

*Odine H. Husemoen,* for appellant (appointed counsel for appeal).

*Wayne Roethler,* for respondent.

HUNTER, J.—This is an appeal from a conviction of the crime of carnal knowledge.

A 7½-year-old girl was sexually assaulted on March 16, 1967, at about 8:30 a.m. She returned home and her mother called the police. A doctor confirmed that she had been assaulted. When an investigating police officer showed the girl pictures of possible suspects, she identified the defendant (appellant), George David Tate, as her assailant from one of the pictures.

The defendant was arrested and charged with carnal knowledge under RCW 9.79.020. He pleaded not guilty, and the court assigned counsel to assist him in his defense. Prior to the commencement of the trial, the defendant's counsel moved, orally, for a continuance so that the trial court could determine if the defendant was mentally competent to stand trial. In support of the motion, counsel offered (1) a 1962 court order of the Grays Harbor County Superior Court declaring the defendant a "psychopathic delinquent" under RCW 71.06 and committing him to Western State Hospital, and (2) a second court order dated May 9, 1966 issued by the Cowlitz County Superior Court, recommitting the defendant to the same institution. The trial court refused to grant the motion unless the defendant entered a plea of not guilty by reason of insanity. The defendant refused to enter such a plea on the ground that it would admit the commission of the act charged, and the motion was denied. The jury returned a verdict of guilty and the court sentenced the defendant to life imprisonment. This appeal followed.

The first assignment of error is to the trial court's denial of the motion for a continuance in order to allow time to determine the defendant's competency to stand trial. The defendant argues, and we agree, that the court abused its discretion in denying the motion.

■ Although there is no statute in this jurisdiction governing the matter, this court long ago determined that this state would follow the common law rule that no person who is mentally incompetent to stand trial may be subjected to criminal prosecution. *State ex rel. Mackintosh v. Superior Court,* 45 Wash. 248, 255, 88 Pac. 207 (1907). We there said:

Criminal courts are possessed of an inherent power to ascertain whether one accused of crime is sane and able to avail himself of all his constitutional rights during the progress of his trial.

The opinion correctly characterized the issue of competency to stand trial as a matter of constitutionally guaran-

teed due process of law. The United States Supreme Court, in a recent opinion, has expressed the same view. *Pate v. Robinson*, 383 U.S. 375, 15 L. Ed. 2d 815, 86 Sup. Ct. 836 (1966).

In *State v. Peterson*, 90 Wash. 479, 482, 156 Pac. 542 (1916), we said:

it is a matter within the discretion of the trial court as to whether or not it will enter upon an examination of the question of the sanity of the accused with a view of determining the right of the state to put him upon trial and render judgment against him.

In that case there was little evidentiary basis for the claim of incompetency. Where such a basis exists, amounting to a "substantial question of possible doubt as to . . . competency to stand trial," then due process requires that the trial court resolve that doubt. See *Rhay v. White*, 385 F.2d 883 (9th Cir. 1967); *State v. Wilks*, 70 Wn.2d 626, 424 P.2d 663 (1967).

■ In the instant case, the defendant had been adjudicated a psychopathic delinquent, and had been committed to a mental institution. Under these circumstances, and where the defendant in addition contended he was incompetent to stand trial, there is a sufficient showing made in the record to raise the question of a possible doubt on this issue. We therefore hold that the trial court erred in overruling the defendant's motion for a continuance, and in failing to make an inquiry into the defendant's competency to stand trial.

■ The state argues, however, that by refusing to enter a written plea of not guilty by reason of insanity, pursuant to RCW 10.76.020, the defendant waived his right to have his competency to stand trial determined. This argument is without merit. A defendant is not required to plead not guilty by reason of insanity in order to get the issue of his competency to stand trial before the court. The test for a finding of not guilty by reason of insanity and the test for a finding of incompetency to stand trial are not the same. Moreover, a defendant who has no grounds on which to

urge insanity at the time of commission of the alleged offense may have adequate grounds to raise the question of mental competency at the time of trial. The trial court may open the matter of a defendant's competency to stand trial, on its own motion, if necessary, at any time during the proceedings. *State v. Schrader*, 135 Wash. 650, 283 Pac. 617 (1925). It follows then that a defendant need employ only such means as will serve to properly draw the court's attention to the question, when an issue of incompetency to stand trial is raised.

The defendant assigns error to the trial court's refusal to allow in evidence the court orders of commitment and recommitment, and also to its refusal to give his proposed instruction No. 14, which read:

> George D. Tate has previously been adjudged mentally incompetent and it is presumed that he is absolutely incompetent as a witness and that presumption can only be rebutted by the party offering him as a witness.

The defendant contends that he should have been able to show the jury why he did not take the stand. This contention is baseless. The state is not entitled to show why a defendant chooses not to take the stand and the defendant is not entitled to do what the state may not do. The trial court properly instructed the jury that it was not to draw any inferences of guilt or innocence from the defendant's failure to take the stand. The defendant's right to a fair trial was thereby protected, and it was not error to refuse the proffered evidence and instruction.

The defendant contends that the prosecuting witness should not have been allowed to testify, relying on *State v. Allen*, 70 Wn.2d 690, 424 P.2d 1021 (1967), and RCW 5.60.050, which provides in pertinent part:

> Who are incompetent. The following persons shall not be competent to testify:
>
> . . . .
>
> (2) Children under ten years of age, who appear incapable of receiving just impressions of the facts, respecting which they are examined, or of relating them truly.

■ In *State v. Allen, supra,* we decided that youth alone does not render a witness incompetent under the statute, and we set forth the test to be applied to determine if a witness under 10 years of age was competent. We said further that it lay within the discretion of the trial court to determine "the witness's ability to meet the requirements of this test . . . ."

In the instant case, the trial court heard the evidence of a psychiatrist who had interviewed the girl, and who testified that she was capable of receiving correct impressions of the facts about which she was to be examined, and was capable of relating them truly. In addition, the court itself conducted a voir dire examination. Basing its conclusion on the testimony of the psychiatrist, and its own examination, the trial court found the witness to be competent. The test as set forth in *Allen* was properly applied. We are satisfied that the trial court did not abuse its discretion in determining that the prosecuting witness was competent to testify.

■ The defendant next assigns error to the admission in evidence of a muddy and bloodstained undergarment of the prosecuting witness. He argues that the probative value of this evidence was more than outweighed by the necessarily inflammatory effect it had on the jury. We disagree. The undergarment helped prove a necessary factual element of the state's case, that an assault had occurred, and the admission of the undergarment was therefore relevant and material. Under such circumstances, the trial court acted within the proper limits of its discretion in admitting the evidence.

■ The defendant also contends that the court erred in failing to suppress a jacket which had been introduced in evidence without objection. After the jacket had been introduced, the defendant's counsel learned facts which prompted them to make a motion to suppress. The trial court denied the motion. The jacket was seized several days after the defendant's arrest, from the house where the defendant had been residing. While the searching officer had no warrant, he had asked and received the defendant's

permission to make the search, and he had asked and received permission to enter the house from the family member in charge of the premises. Under these circumstances, the trial court did not err in denying the motion to suppress.

■ The defendant contends that the trial court erred in permitting the state to introduce in evidence a "mug shot" of defendant. We disagree. The picture was material and relevant, since it was the one from which the prosecuting witness originally made her identification of the defendant. Moreover, the record shows that the defendant changed his appearance between the time of his arrest and the time of trial and that the picture portrayed the defendant as he looked at the time of the alleged assault, although it was taken about a year previous.

In *State v. Bromley,* 72 Wn.2d 150, 432 P.2d 568 (1967), we indicated that careless reference to and use of "mug shots" by the prosecution could unfairly prejudice a defendant. In *State v. Allen,* 72 Wn.2d 38, 431 P.2d 590 (1967), we decided that while it was error to use the words "mug shot" in front of the jury, that error was not, in the context of the case, unfairly prejudicial. In the instant case, the prosecutor clipped the identifying numbers off the picture and the words "mug shot" were never used in the presence of the jury. It does not appear that the state sought to improperly convey to the jury that the defendant had a prior police record—rather the state took every precaution to avoid this. This use of the photograph from police files was proper, under the facts of this case, and the defendant has not established that he was prejudiced unfairly thereby.

The defendant contends that the trial court erred in refusing to give his proposed instruction to the effect that the jury, in order to return a verdict of guilty, must find that the alleged crime had occurred at approximately 8:40 a.m. The defendant argues that the failure to give this instruction deprived him of the benefit of his alibi defense. We do not agree. The state's evidence located the time of

the alleged assault at between 8:15 a.m. and 8:45 a.m. The defendant's alibi witness testified that he was at her house from 8:10 a.m. until noon. The trial court instructed the jury as follows:

A defense interposed by the defendant in this case is an alibi; that is, that the defendant was at another place at the identical time the crime was committed, if committed at all.

We are satisfied that the defendant had the full benefit of his alibi defense and that the trial court did not err in refusing the proposed instruction. See *State v. Brown*, 35 Wn.2d 379, 383, 213 P.2d 305 (1949).

The defendant lastly contends that the verdict is not sustained by the evidence. We have considered the record in its entirety and we find no merit in this contention.

■ We remand this case for the purpose of appropriate proceedings and the taking of testimony to determine whether the defendant was competent to stand trial at the time the proceeding here under review was conducted. If the issue of competency is resolved against the defendant, the judgment will stand affirmed. In the event the defendant is found to have been incompetent to stand trial or if it cannot be determined at this time whether he was competent to stand trial, the trial court is then directed to vacate the judgment and sentence and enter an order granting the defendant a new trial, such new trial to be had when the defendant is found competent to stand trial.

It is so ordered.

FINLEY, C. J., HAMILTON and NEILL, JJ., and LANGENBACH, J. Pro Tem., concur.