[No. 40-40778-2. Division Two. · September 10, 1969.]

THE STATE OF WASHINGTON, *Respondent,* v. GEORGE DAVID TATE, *Appellant.*

*Charles T. Mertsching,* for appellant (appointed counsel for appeal).

*Henry R. Dunn, Prosecuting Attorney,* for respondent.

PEARSON, J.—This is an appeal to the Supreme Court from an order affirming judgment and sentence following

a competency hearing ordered by the Supreme Court. It was transferred to this court in accordance with Rule 15, Court of Appeals Rules on Appeal.

On June 29, 1967, the defendant, George David Tate, was tried and convicted of the crime of carnal knowledge. At the commencement of the trial his counsel moved for a continuance, so that a determination could be made of his mental competence to stand trial. This motion was denied. In the appeal which followed his conviction, the Supreme Court affirmed all assignments of error brought to its attention, but remanded the case "for the purpose of appropriate proceedings . . . to determine whether the defendant was competent to stand trial . . ." *State v. Tate,* 74 Wn.2d 261, 444 P.2d 150 (1968).

Such proceedings were had on December 21, 1968 and subsequently findings of fact were entered as follows: "VIII. The evidence proves, beyond a reasonable doubt, that the defendant, George David Tate, was competent to stand trial and able to assist in his trial which commenced June 28, 1967."

This finding of fact and the conclusion to affirm judgment and sentence are challenged by this appeal. The issue to be determined is whether or not the trial court properly determined defendant's competency retrospectively. The original trial was held on June 28 and 29, 1967.

The evidence at the competency hearing showed without substantial dispute that on July 13, 1962, defendant, then age 18, was committed to Western State Hospital as a psychopathic delinquent. He was discharged 13 months later. The diagnosis was "sociopathic personality disorder, with dissocial reaction." His intelligence quotient was 73.

On July 13, 1965 a reexamination resulted in the conclusion that he had a personality trait disturbance with mild mental retardation.

In May, 1966, defendant was returned to Western State Hospital and again diagnosed as emotionally unstable. (It was with this background that the Supreme Court determined that a competency hearing should have been grant-

ed.) No signs of a psychosis had ever been diagnosed prior to defendant's trial, nor had he ever undergone psychiatric treatment.

Dr. Thorvol Kristenson, a psychiatrist, who had examined defendant in May and June of 1966 at Western State Hospital, was of the opinion that on those dates at least the defendant was mentally competent and capable of assisting in his defense.

On March 18, 1967 and again in November of 1968 Dr. Jeanne Leif, a practicing psychiatrist from Longview, examined the defendant. She found that on both of those dates the defendant was mentally competent to the extent that he could have assisted in his defense.

The psychiatrist called by the defendant, Dr. Philip B. Smith, examined defendant on July 27, 1967. This was 1 month after the trial. At this time defendant's intelligence quotient was 85. Dr. Smith was of the opinion that defendant was emotionally unstable, impulsive and at the lower end of the range of normal intelligence, but that on July 27, 1967 he was competent to stand trial.

All three of the psychiatrists, when given the findings of the other psychiatrists, were of the opinion, in terms of medical probabilities, that the defendant was competent to assist in the defense of his case on June 28 and 29, 1967. Such testimony was received without objection.

Lay testimony and the testimony of the defendant himself tended to corroborate the opinion evidence. The defendant had good recall as to the events of his arrest and trial. He testified that he consulted with each of his two counsel on five or six occasions and furnished them with an alibi and the names of witnesses to his alibi.

■ We have considered and reject the contention that the trial court's finding of competency was without substantial evidence. The common law rule of competency to stand trial was established in this jurisdiction in *State ex rel. Mackintosh v. Superior Court,* 45 Wash. 248, 88 P. 207 (1907), and reaffirmed in *State v. Schafer,* 156 Wash. 240, 286 P. 833 (1930); *State v. Henke,* 196 Wash. 185, 82 P.2d

544 (1938); State v. Davis, 6 Wn.2d 696; 108 P.2d 641 (1940); and State v. Durham, 39 Wn.2d 781, 238 P.2d 1201 (1951). Under these decisions an accused may not be placed on trial if he is incapable of properly appreciating his peril and of rationally assisting in his own defense.

This rule is consistent with recent decisions of the United States Supreme Court. In Dusky v. United States, 362 U.S. 402, 4 L. Ed. 2d 824, 80 S. Ct. 788 (1960) the test must be "whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as a factual understanding of the proceedings against him."

The United States Supreme Court has pointed out the difficulty in some cases of making retrospective determinations of competency where a long lapse of time has occurred between the trial and the competency hearing. In Pate v. Robinson, 383 U.S. 375, 15 L. Ed. 2d 815, 86 S. Ct. 836 (1966), the trial court was faced with a 6-year delay. The witnesses to be called would not testify as to personal observations nor personal examinations of the defendant, but would have to resort to written records in arriving at conclusions as to his competency. Under these circumstances a new trial was ordered, preceded by a competency hearing.

 That case is readily distinguishable. Here the opinions of the witnesses as to defendant's competency were based on personal observations or examinations of the defendant made in close proximity to his trial. Under those circumstances we hold the retrospective determination of competency proper. Lee v. Alabama, 406 F.2d 466 (5th Cir. 1969).

 The argument is made that the defendant's low intelligence quotient, coupled with his previous commitments to a mental institution gives reason to attack the trial court's findings of mental competency. The former argument was answered by the opinions of the experts that defendant was in the "lower range of normal." The latter argument, that of his previous commitment to a mental institution, was answered by the Supreme Court in State v.

*Bonner*, 53 Wn.2d 575, 335 P.2d 462 (1959) where at 586 that court stated:

> A person committed for hospitalization because of a mental disease and hospitalized, or one committed and paroled from the hospital, is not immune from trial for the commission of a criminal offense, because of the adjudication and commitment or parole. It is the *fact* of mental incompetency, and not the *adjudication* of mental illness, that determines one's inability to form an intent to commit an offense, or his inability, after an offense has been committed, to aid in his defense.

There was no evidence offered or received that defendant was, in fact, incompetent to consult with his lawyer with a reasonable degree of rational understanding, and assist in his defense with a rational as well as factual understanding of the proceedings against him. The evidence was strongly to the contrary.

Accordingly, the order of the trial court affirming the judgment and sentence is affirmed.

ARMSTRONG, C. J., and PETRIE, J., concur.