[Nos. 152-2, 390-41302-2.   Division Two.   January 21, 1971.]

THE STATE OF WASHINGTON, *Respondent,* v. ANDRE BRIGHAM
YOUNG, *Appellant.*

*James B. Gorham* (of *Sawyer & Gorham*), for appellant
(appointed counsel for appeal).

*Ronald L. Hendry, Prosecuting Attorney, Joseph D.
Mladinov, Special Counsel,* and *Eugene G. Olson, Chief
Criminal Deputy,* for respondent.

PER CURIAM.—In 1963 defendant was found guilty of
four counts of rape. The trial court imposed a sentence
committing defendant for "not more than twenty (20)
years on each count, and said Counts I and II to run con-
currently with Counts III and IV to run consecutively."
This conviction was affirmed by the Supreme Court. *State
v. Young,* 65 Wn.2d 938, 400 P.2d 374 (1965). At the request
of the Board of Prison Terms and Paroles, defendant was
returned to Pierce County for clarification of sentence be-
fore a minimum term was set. However, when he arrived,
defendant was found to be incompetent to stand trial and
so was committed to Western State Hospital. By 1969 de-
fendant was sufficiently competent to assist his counsel and
to appreciate his peril. On January 14, 1969, a hearing was
held and medical evidence of defendant's competency was

introduced. At the close of this hearing, the trial court entered a judgment and sentence committing defendant to four 20-year terms, to be served concurrently. A notice of appeal, here numbered 390, was entered from this sentence. Due to an error by the prosecutor's office, however, the notice of appeal predated the filing of the judgment and sentence. Because of this error, a second resentencing occurred December 16, 1969, at which time the same sentence was imposed as at the January hearing. From this judgment and sentence, appeal 152-2 is taken.

Defendant's counsel in this case has submitted a motion to withdraw, pursuant to *Anders v. California,* 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967), and concurs in the state's motion to dismiss the appeals. After searching the record, we conclude that we must grant these motions. The trial court received expert testimony on the competency of the defendant and at the close of it, concluded defendant was competent. A finding of competency was orally made and is fully justified by the evidence. *See State v. Tate,* 1 Wn. App. 1, 458 P.2d 904 (1969). Having concluded that the defendant was competent, it was clearly within the trial court's power to correct or clarify its earlier sentence. *McNutt v. Delmore,* 47 Wn.2d 563, 288 P.2d 848 (1955); *Bass v. Smith,* 26 Wn.2d 872, 176 P.2d 355 (1947); *State v. Stowers,* 3 Wn. App. 766, 479 P.2d 145 (1970).

The granting or denial of a deferred or suspended sentence is a matter within the discretion of the trial court. RCW 9.95.200.

On the narrow issues presented by these appeals, we can find no error.

Appeals 152-2 and 390-41302-2 will be dismissed.