[No. 231-2. Division Two. January 25, 1973.]

*In the Matter of the Application for a Writ of Habeas Corpus of* ANDRE BRIGHAM YOUNG, *Petitioner,* v. SIDNEY E. SMITH, *Respondent.*

*James B. Gorham* (of *Snure & Gorham*), for petitioner (appointed counsel for appeal).

*Slade Gorton, Attorney General,* and *Stephen R. Black, Assistant,* for respondent.

PEARSON, C.J.—This matter is again before us on a peti-

tion for writ of habeas corpus following a referral hearing ordered by this court, pursuant to CAROA 56(k), to determine petitioner's competency to stand trial on four charges of rape. The trial was held in Pierce County in October, 1963 before Judge Robert A. Jacques. Petitioner was found guilty on all four counts.

Petitioner's conviction was affirmed on appeal. *State v. Young,* 65 Wn.2d 938, 400 P.2d 374 (1965). Subsequently, the case came before this court on appeals from two proceedings undertaken to clarify and correct the sentences originally imposed. Those appeals were dismissed. *See State v. Young,* 4 Wn. App. 135, 480 P.2d 514 (1971).

Petitioner commenced the present proceeding, raising one question which had not been considered in the prior appeals. The referral hearing was ordered by this court to determine the issue of petitioner's competency to stand trial in October, 1963. *State v. Tate,* 74 Wn.2d 261, 444 P.2d 150 (1968). The Pierce County Superior Court ordered a change of venue for this hearing to Kitsap County. That hearing was conducted by Judge Oluf Johnsen and resulted in findings and conclusions that petitioner had been mentally competent to stand trial and assist in his own defense. Petitioner contends that there was insufficient testimony to support this finding and conclusion *beyond a reasonable doubt.*

The evidence as to petitioner's competency was disputed. The trial judge, deputy prosecuting attorney, and the attorney who defended petitioner at trial all vouched for his competency. The evidence at the trial supported this testimony, since petitioner took the stand to help establish his alibi. This testimony fully supported a finding and conclusion of competency as that term was defined in *State v. Tate,* 1 Wn. App. 1, 458 P.2d 904 (1969).

It is true that contrary testimony came from petitioner's mother and from three psychiatrists who had treated petitioner for periods of time commencing in June, 1965. But this testimony does no more than to create an issue for the

trial judge, who chose to accept the testimony of those who had direct opportunity to observe petitioner's competency during the period in question.

There is no rule that we know of which requires a trial judge to accept expert testimony as to mental competency in lieu of compelling lay testimony based upon personal observations. Nor are we aware of any decision requiring the trial judge to apply a "reasonable doubt" test in weighing the evidence and deciding the factual issue presented. A determination of an accused's competency to stand trial is an exercise of judicial discretion. *State v. Schrader*, 135 Wash. 650, 238 P. 617 (1925); *State v. Henke*, 196 Wash. 185, 82 P.2d 544 (1938); *State v. Thomas*, 75 Wn.2d 516, 452 P.2d 256 (1969). Considering the conflicting testimony presented to the trial court, we do not find an abuse of discretion. Furthermore, our independent review of the record convinces us that due process of law has not been denied petitioner by this ruling. *State v. Huston*, 71 Wn.2d 226, 428 P.2d 547 (1967).

Secondly, petitioner contends that this court erred in granting petitioner's request for a competency hearing, and instead should have granted a new trial because of the delay and the difficulty in making a retrospective determination of competency. *See Pate v. Robinson*, 383 U.S. 375, 15 L. Ed. 2d 815, 86 S. Ct. 836 (1966).

Petitioner raised no objection when this court granted his request for an evidentiary hearing as to his competency to stand trial. Accordingly, it is our view that his request for such a hearing was an affirmative representation to the court that a meaningful hearing on the issue could be accomplished despite the passage of time. With such a representation, it is our view that this assigned error was waived. In any event, the record itself disputes the assertion that a meaningful hearing could not be held and distinguishes this case from *Pate v. Robinson, supra*.

The petition for writ of habeas corpus is denied.

Armstrong and Petrie, JJ., concur.