**William Howard MORROW, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17599.**

Court of Criminal Appeals of Oklahoma.

March 19, 1973.

Robert E. Walker, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Amy Hodgins, Legal Intern, for appellee.

OPINION

BUSSEY, Judge:

Appellant, William Howard Morrow, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, Case No. CRF–71–2365, for the offense of Robbery With Firearms. His punishment was fixed at five (5) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Gerald Richard Hamon, Jr. testified that on October 3, 1971 he was employed at the Apco Service Station at 2501 N.E. Expressway in Oklahoma City. At about 6:50 p. m., two men, one of whom he identified in court as the defendant, entered the station and forced him at gunpoint to open the cash box. The defendant reached into the cash box and removed the money. The second man, with the pistol, told him to go into the bathroom, to lie down on the floor and to wait for five minutes. He testified that he got a close look at the defendant and that he had a four or five day growth of beard.

Officer Charles Owen testified that he arrested the defendant on October 14, 1971. He advised the defendant of his MIRANDA rights and the defendant stated that he thought he was in the County Jail on the evening of October 3. The officer checked the records of the County Jail which reflected that the defendant was not in jail on that date.

For the defense, Donald Allen testified that on October 3 he was self-employed in the tire business. At around 10:00 or 11:00 on the morning in question, the defendant called him and wanted him to bring a couple of tires to a certain location. He delivered the tires and spent approximately three hours helping the defendant mount them on the wheels. The defendant was clean shaven and did not have a shaggy beard. The defendant called him at around 6:00 or 7:00 that night and wanted a ride. He had company and did not pick up the defendant.

Melva Morrow, the defendant's mother, testified that the defendant did not have a shaggy beard on October 3 and to her knowledge he had never worn a beard.

Terry Oliver testified that he went to the defendant's residence at about 8:30 or 9:00 on the evening in question. He purchased a bow gun from the defendant. The defendant was clean shaven.

In rebuttal, Officer Delbert Bliss testified that he talked to the defendant on October 15, 1971. He advised the defendant of his constitutional rights and the defendant stated that he had been in Mercy Hospital on the evening of October 3. The officer checked the records of Mercy Hospital which revealed that the defendant was treated there on October 5, not October 3.

Leslie Wright identified a picture of the defendant taken on September 9, 1971. Wright was not identified as a police officer nor did he reveal the source from which he obtained the defendant's photograph. All identifying marks from the police photograph had been cut off.

The first proposition asserts that the trial court erred in admitting, over defendant's objections, incompetent, irrelevant and immaterial evidence.

■ The defendant first argues under this proposition that the court erred in admitting the testimony of Officer Owen concerning defendant's statement that he thought he was in the County Jail on the evening in question. The officer checked the records of the County Jail and determined that the defendant was not present. We are of the opinion that defendant's statement falls within the category of an exculpatory statement and was admissible. See Dean v. State, Okl.Cr., 381 P.2d 178.

■ The defendant next complains that the trial court erred in permitting the rebuttal of Officer Bliss wherein he testified that the defendant stated that he was in Mercy Hospital on the evening of October

3. The officer subsequently checked the medical records at the hospital and adduced that the defendant was treated on the fifth of October rather than October 3. Defendant contends that the statement was improperly admitted as rebuttal evidence and that it did not explain, repel, counteract or disprove the evidence of the defendant. We are of the opinion that the defendant's statement to the officer that he was in Mercy Hospital was admissible as being an exculpatory statement. In Clark v. State, Okl.Cr., 370 P.2d 46, we stated:

> "It has been repeatedly held that such matter is within the trial court's discretion, in furtherance of justice, to permit rebuttal testimony which was competent evidence in chief. Tingley v. State, 16 Okl.Cr. 639, 184 P. 599."

■ The defendant next complains of the introduction into evidence of a photograph of the defendant alleging that it was an attempt to leave the impression in the minds of the jurors that the defendant had a criminal record. The record clearly reflects that all identifying marks on the photograph had been removed. The witness identifying the picture was not identified as a deputy sheriff nor did he reveal the source of the picture. We are of the opinion that the photograph was properly admissible as tending to rebut the testimony of defendant's mother who indicated that the defendant was always clean shaven. In dealing with a similar proposition in State v. Tate, 74 Wash.2d 261, 444 P.2d 150, the Washington Court stated:

> "* * * In the instant case, the prosecutor clipped the identifying numbers off the picture and the words 'mug shot' were never used in the presence of the jury. It does not appear that the state sought to improperly convey to the jury that the defendant had a prior police record—rather the state took every precaution to avoid this. This use of the photograph from police files was proper, under the facts of this case, and the defendant has not established that he was prejudiced unfairly thereby."

■ The final proposition contends that the District Attorney made improper comments in his closing arguments. Defendant alleges that the District Attorney commented on the failure of the defendant to testify in his own defense. The record reflects the following:

> "[By Mr. Walker] Now, I am sorry to say that Mr. McKinney has called Mr. Allen a liar for the simple reason that he has come in here and said that this man did not have a shaggy beard and you remember this *defendant*—and I asked him the question, and he said the other time in court from that witness stand or from the stand—
>
> "MR. McKINNEY: If the Court please, he didn't ask this defendant anything from that witness stand and I object to him saying to the jury that he did and I will challenge the record that he hadn't asked the defendant anything from the witness stand in this trial.
>
> "MR. WALKER: I asked him and he said he had a shaggy beard.
>
> "MR. McKINNEY: I challenge the record that he said he asked the defendant.
>
> "MR. WALKER: Excuse me, the victim. * * *" (Tr. 58)

It is thus apparent that any error concerning the District Attorney's statement was invited by Mr. Walker's incorrect statement that the defendant testified. In Lung v. State, Okl.Cr., 420 P.2d 158 (1966), the rule was clearly set out:

> "This Court stated in Williams v. State, Okl.Cr., 373 P.2d 85:
>
> > 'The rule is well settled that, ordinarily, a party may not complain of an error which he himself has invited, or which he has waived, either expressly or impliedly.'"

■ Defendant next asserts that the District Attorney erred in repeatedly stating the evidence was uncontradicted when the defendant did introduce evidence to contradict the State's evidence. We need only observe that although the evidence as to the defendant's beard was contradicted, the District Attorney's use of the term

"uncontradicted" was restricted to those points which were essentially uncontradicted. The defendant did not introduce evidence to indicate where he was at the time of the robbery. In Story v. State, Okl.Cr., 478 P.2d 929, we stated:

"The defendant further contends that the repeated use of the words 'contradicted' and 'uncontradicted' are more than sufficient to commit reversible error by commenting on the defendant's failure to take the stand. This Court specifically discussed the use of the word 'uncontradicted.' [sic] in Spears v. State, 97 Okl.Cr. 249, 261 P.2d 464. We stated in the fourth paragraph of the Syllabus:

'Where a defendant fails to offer any evidence, the prosecutor is not prevented from discussing the evidence against him and to state that such evidence is uncontradicted. Such argument would not be a violation of the statute forbidding comment on the fact the defendant did not testify.'"

The judgment and sentence is, accordingly, affirmed.

BLISS, P. J., concurs.

BRETT, J., dissents.