# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 49183-4-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| MICHAEL J. BRADY, | |
| Appellant. | |

BJORGEN, C.J. — Michael Joseph Brady appeals the superior court's denial of his CrR 7.8 motion for clarification of sentence and/or modification of community custody conditions. Brady's original sentence included community custody conditions contained in Appendix H. We vacated that sentence, and on resentencing the superior court did not reimpose those conditions as a part of his amended sentence. Brady's CrR 7.8 motion essentially challenged the alleged reliance on Appendix H by the Department of Corrections (DOC) in setting expectations for compliance with court ordered community custody.

Brady argues that the superior court erred in ruling on his CrR 7.8 motion that the community custody conditions contained in Appendix H of his original sentence remained in effect even though on remand the superior court failed to reimpose those conditions.[1] He also requests us to decline to impose appellate costs. In his statement of additional grounds (SAG), Brady makes several additional arguments in support of the issues presented above.

---

[1] Brady also argues that if the superior court properly determined that the community custody conditions contained in Appendix H remained in effect, the conditions regarding the possession of pornography and plethysmograph testing should be modified or stricken. Because we hold that Appendix H does not remain in effect, we need not address these contentions.

We hold that Brady's motion was not properly brought under CrR 7.8, but that it was in effect a motion to clarify a sentence and that the superior court had the authority to decide that motion. We hold also that the superior court erred when it ruled on that motion that the community custody conditions from Brady's original sentencing remained in effect. Finally, we decline to reach the issue of appellate costs.

Therefore, we reverse the superior court's order on defendant's motion to clarify and/or for modification of community custody conditions and remand for the superior court to enter an order stating that Appendix H is no longer a part of Brady's sentence.

FACTS

In 2002, Brady was convicted following a bench trial on 17 counts of first degree child rape, 7 counts of first degree child molestation, and 6 counts of sexual exploitation of a minor with sexual motivation. At his initial sentencing, the judge imposed an exceptional sentence of 636 months. The sentencing judge also ordered community custody and required compliance with several community custody conditions, including conditions set forth in Appendix H. Appendix H imposed the following conditions, among others:

> 13. Do not possess or peruse pornographic materials. Your community corrections officer will define pornographic material.
> . . . .
> 17. Submit to polygraph and plethysmograph testing upon direction of your community corrections officer or therapist at your expense.

Clerk's Papers (CP) at 49. Brady appealed, and we affirmed his convictions on all counts in *State v. Brady*, noted at 121 Wn. App. 1032 (2004).

Subsequently, Brady filed his first timely personal restrain petition (PRP), which sought relief from his sentence by relying on *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159

No. 49183-4-II

L. Ed. 2d 403 (2004).[2] We concluded that, under *Blakely*, Brady's exceptional sentence violated his Sixth Amendment right to jury trial. Of importance to the instant appeal, we granted his petition, vacated his sentence, and remanded his case for resentencing.

At resentencing, the superior court imposed a sentence at the high end of the sentencing range. It also reimposed a lifetime no-contact order on Brady in relation to his victims, community custody, and mandatory DNA (deoxyribonucleic acid) testing. The superior court did not discuss any specific community custody conditions at the resentencing hearing.

As community custody conditions, the amended sentence ordered Brady to:

(1) report to and be available for contact with the assigned community corrections officer as directed, (2) work at DOC-approved education, employment, and/or community service, (3) not consume controlled substances except pursuant to lawfully issued prescriptions, (4) not unlawfully possess controlled substances while in community custody, (5) pay supervision fees as determined by DOC, and (6) perform affirmative acts necessary to monitor compliance with the orders of the court as required by DOC. The residence location and living arrangements are subject to the prior approval of DOC while in community placement or community custody. Community custody for sex offenders may be extended for up to the statutory maximum term of the sentence. Violation of community custody imposed for a sex offense may result in additional confinement.

CP at 76. These conditions are reiterated in Appendix F of the amended sentence. The amended sentence and Appendix F also provided the sentencing judge with the option to add supplementary community custody conditions by either checking a box or filling in a blank: none were checked or filled in. The amended sentence did not incorporate by reference or

---

[2] *Blakely* follows *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), where the Court held that any fact which increases the penalty for a crime beyond the prescribed standard range must be submitted to a jury and proved beyond reasonable doubt.

otherwise address the community custody conditions described in Appendix H of Brady's original sentence.

After resentencing, Brady appealed his amended sentence. We entered a ruling affirming the amended sentence, which became the final decision terminating our review on June 4, 2008. Brady filed a petition for writ of certiorari on appeal from his amended sentence, which the United States Supreme Court denied on October 6, 2008. *Brady v. Washington*, 555 U.S. 872, 129 S. Ct. 172, 172 L. Ed. 2d 123 (2008).

Brady remains in prison. DOC counselors provide inmates with facility offender plans, which, among other things, delineate expectations for conditions of enforcement when under community custody. Brady claims that prior to 2015, DOC properly delineated the conditions provided in Appendix F to set expectations for compliance with court ordered community custody. Now, however, he claims DOC has reverted back to using Appendix H from his original sentence to set expectations for compliance.

On March 29, 2016, Brady filed a CrR 7.8(b) motion for clarification of sentence and/or modification of community custody conditions with the superior court. In that motion, he challenged DOC's use of the conditions contained in Appendix H from his original vacated 2002 sentence to set expectations for compliance with court ordered community custody. The State opposed the motion on its merits and did not argue that the motion should be transferred to this court as a personal restraint petition under CrR 7.8(c)(2).

The superior court retained consideration of Brady's motion under CrR 7.8(c)(2) because it determined the motion was not barred by the one year time limit in RCW 10.73.090 and Brady made a substantial showing that he was entitled to relief. After review of Brady's written

pleadings and the State's response, the superior court ordered "that the conditions of community custody imposed at the original sentencing hearing in 2002 remain in effect to include Appendix H." CP at 138. It also denied Brady's request to modify his community custody conditions.

Brady appeals.

## ANALYSIS

### I. CrR 7.8(b) MOTION

Generally, we review a superior court's CrR 7.8 ruling for an abuse of discretion. *State v. Zavala-Reynoso*, 127 Wn. App. 119, 122, 110 P.3d 827 (2005). Here, however, the superior court's decision turns on a question of law, which we review de novo. *State v. Womac*, 160 Wn.2d 643, 649, 160 P.3d 40 (2007).

CrR 7.8(b) provides, in relevant part, as follows:

On motion and upon such terms as are just, the court may relieve a party from a final judgment, order, or proceeding for the following reasons:
(1) Mistakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order;
. . . .
(4) The judgment is void; or
(5) Any other reason justifying relief from the operation of the judgment.
The motion shall be made within a reasonable time and for reasons (1) and (2) not more than 1 year after the judgment, order, or proceeding was entered or taken, and is further subject to RCW 10.73.090, .100, .130, and .140. A motion under section (b) does not affect the finality of the judgment or suspend its operation.

CrR 7.8(b)(1) allows, among other matters, relief from a judgment on grounds of mistake. For example, in *Zavala-Reynoso*, 127 Wn. App. at 123, we concluded that the defendant's argument that the sentencing court miscalculated his offender score was a claim of mistake governed by CrR 7.8(b)(1). Similarly, in *State v. Crawford*, 164 Wn. App. 617, 624, 267 P.3d 365 (2011), we held that the miscalculation of the defendant's offender score was a

legal error and the defendant's CrR 7.8(b) motion to correct his sentence should have been granted. CrR 7.8(b) institutes a one year time bar for claims of mistake.

CrR 7.8(b)(4) provides relief when the judgment is void. A void judgment may be collaterally attacked "within a reasonable time," subject to the further restrictions of RCW 10.73.090. CrR 7.8(b).

CrR 7.8(b)(5) provides that the superior court may relieve a party from a final judgment for "[a]ny other reason justifying relief from the operation of the judgment." Relief under CrR 7.8(b)(5) is limited to extraordinary circumstances not covered by any other section of the rule. *State v. Smith*, 159 Wn. App. 694, 700, 247 P.3d 775 (2011). CrR 7.8(b)(5) motions must be made within a "reasonable time," but are still subject to RCW 10.73.090 and RCW 10.73.100.[3] CrR 7.8(b).

RCW 10.73.090 states, in part, as follows:

(1) No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction.

(2) For the purposes of this section, "collateral attack" means any form of postconviction relief other than a direct appeal. "Collateral attack" includes, but is not limited to, a personal restraint petition, a habeas corpus petition, a motion to vacate judgment, a motion to withdraw guilty plea, a motion for a new trial, and a motion to arrest judgment.

Brady's CrR 7.8 motion did not challenge his amended sentence based on a mistake. CrR 7.8(b)(1). He did not claim his judgment was void. CrR 7.8(b)(4). He also did not put forth "[a]ny other reason justifying relief from the operation of the judgment." CrR 7.8(b)(5).

---

[3] RCW 10.73.100 provides exceptions to the one year time bar for collateral attacks.

Instead, he clearly challenged DOC's alleged reliance on Appendix H in setting expectations for compliance with court ordered community custody. Therefore, Brady's motion was improperly made under CrR 7.8(b) because he was not actually attacking his amended sentence.

In contrast, Brady was attempting to clarify his sentence through his motion. "Clarify" is defined as: "to free (the mind or understanding) of confusion, doubt, or uncertainty;" "to explain clearly: make understandable." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 415 (2002). The plain import of Brady's motion was to dispel any doubt or uncertainty as to whether his sentence incorporated the conditions in Appendix H. Brady's apparent purpose was not so much to change his sentence as it was to remedy what he saw as DOC's mistaken reading of it. Brady even titled his motion as one for clarification of sentence and/or modification of community custody conditions. For these reasons, we characterize Brady's motion as one for clarification.

It is clearly within the scope of the superior court's authority to clarify a prior judgment and sentence. *State v. Young*, 4 Wn. App. 135, 136, 480 P.2d 514 (1971). However, the superior court has no inherent authority, and only limited statutory authority, to modify a final judgment and sentence. *State v. Harkness*, 145 Wn. App. 678, 685-86, 186 P.3d 1182 (2008).[4] As noted, the essence of clarification is to dispel confusion, doubt, or uncertainty and to explain or make something understandable. The just and principled application of law is plainly served by

---

[4] Our state Supreme Court recently held in *State v. Petterson*, ___ Wn.2d ___, 409 P.3d 187, 193 (2018), that under the statute authorizing a special sex offender sentencing alternative (SSOSA), courts retain jurisdiction after imposing a SSOSA and may modify discretionary community custody conditions even after treatment is terminated. Brady was not sentenced to a SSOSA.

driving away any clouds of unknowing around its meaning. To advance that end, we follow *Young* and hold that the superior court had authority to clarify Brady's sentence.

In response to Brady's motion for clarification, the superior court ordered "that the conditions of community custody imposed at the original sentencing hearing in 2002 remain in effect to include Appendix H." CP at 138. This order was clearly in error. In criminal cases, "[t]he sentence is the judgment." *Berman v. United States*, 302 U.S. 211, 212, 58 S. Ct. 164, 82 L. Ed. 204 (1937) (stating a judgment cannot be final if the sentence has been vacated); *see also State v. Siglea*, 196 Wash. 283, 286, 82 P.2d 583 (1938), which held that "[i]n a criminal case, it is the sentence that constitutes the judgment against the accused, and, hence, there can be no judgment against him until sentence is pronounced." When a court in a criminal proceeding "revers[es]" or "vacat[es]" a judgment and sentence, the meaning is the same: the finality of the judgment is destroyed. *State v. Harrison*, 148 Wn.2d 550, 562, 61 P.3d 1104 (2003). This is consistent with the definition of "vacate" as "[t]o nullify or cancel; make void; invalidate." BLACK'S LAW DICTIONARY 1782 (10th ed. 2014).

We vacated Brady's original sentence and remanded his case for resentencing. The vacated sentence discharged all of the previously ordered community custody conditions, including those contained in Appendix H. At resentencing, the sentencing judge did not reimpose the conditions contained in Appendix H and, as such, those conditions are not part of his amended sentence. We issued a ruling affirming Brady's amended sentence. Brady's amended sentence became final in 2008 when the United States Supreme Court denied his petition for writ of certiorari. RCW 10.73.090(3)(c). Therefore, the superior court erred when it

8

No. 49183-4-II

ruled in response to Brady's motion for clarification that the community custody conditions from his original sentencing remained in effect.

## II. APPELLATE COSTS

Brady asks us to deny appellate costs to the State if it substantially prevails on appeal. The State does not prevail on this appeal. Therefore, it is not entitled to costs under RAP 14.2.

## CONCLUSION

We reverse the superior court's order on defendant's motion to clarify community custody conditions and remand this matter to the superior court to enter an order stating that Appendix H is no longer a part of Brady's amended sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Bjorgen, C.J.

We concur:

Maxa, J.

Lee, J.

9